**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRON PEACOCK** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. 4:25-CV-01836 |
| | § | |
| **TAKE 5 PROPERTIES SPV LLC** | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    July 10, 2025. Kelly McKee with Hartline Barger, LLP for Defendant. Adam Flood with Nava Law Group, P.C. for Plaintiff.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    The only related case is the state court case removed to this court. Cause No. 2025-19036; *Darron Peacock v. Take 5 Oil Change, L.L.C.*; 152nd Dist. Ct. of Harris Cnt'y, Tex.

3. <u>Briefly</u> describe what the case is about.

    This case concerns Plaintiff's allegations of personal injury that he purports result from a slip and fall incident at one of Defendant's oil change facility in Houston, Harris County, Texas.

4. Specify the allegation of federal jurisdiction.

    Federal jurisdiction is alleged because of the diverse citizenship of the parties under 28 U.S.C. § 1332(a)(1). Take 5 Properties SPV, LLC is a Delaware corporation, with its principal place of business in North Carolina. Its membership consists of one LLC who has the same residency profile. That LLC is owned by corporation with the same residency profile. Plaintiff, Mr. Peacock, is an individual and resident of Texas. Plaintiff has alleged that his damages exceed $75,000.00.

5. Name the parties who disagree and the reasons.

    None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

> None at this point.

7. List anticipated interventions.

> None.

8. Describe class-action issues.

> None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

> The parties have not yet made the disclosures, because the scheduling conference was not complete. The parties can make disclosures within 14 days of the above conference deadline.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    > To be made 14 days from July 10, 2025.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    > Plaintiff anticipates sending interrogatories to Defendant.

    C. When and to whom the defendant anticipates it may send interrogatories.

    > Defendant anticipates sending interrogatories to Plaintiff.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    > Plaintiff anticipates deposing a corporate representative of Defendant, relevant fact witness determined in discovery, and experts for Plaintiff and Defendant (if any).

    E. Of whom and by when the defendant anticipates taking oral depositions.

    > Defendant anticipates deposing Plaintiff, relevant fact witness determined in discovery, and experts for Plaintiff and Defendant (if any).

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the

opposing party will be able to designate responsive experts and provide their reports.

Both Parties have just begun working on discovery for this matter. They anticipate reasonably being able to provide expert designation after the initial discovery exchange, investigation, and fact witness depositions. This phase should be complete within 120-180 days from the scheduling conference, dependent on issues with ordering records and resolving issues with discovery.

Plaintiff anticipates that it can prepare and designate experts 90 days before trial at the latest.

Defendant anticipates that it can prepare and designate experts 90 days before trial at the latest.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff is not yet sure which experts will need to be deposed. That will depend on the development of discovery. But Plaintiff anticipates that such depositions can be completed with 60 days of designation.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant is not yet sure which experts will need to be deposed. That will depend on the development of discovery. But Defendant anticipates that such depositions can be completed with 60 days of designation.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The Parties are agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can be reasonably completed.

The parties plan to perform an initial discovery exchange, investigation, and fact witness depositions within 120-180 days from the scheduling conference.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties believe a mediation may be effective after initial discovery and

depositions.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed mediation.

16. From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties believe a mediation may be effective after initial discovery and depositions.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.

    No objection.

18. State whether a jury demand has been made and if was made on time.

    Timely jury demands were made by both parties.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate this as a 3-5 day trial. Thus, the hours for evidence could be between 16 and 24.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Pending is Defendant's plea in abatement because it was improperly named as Take 5 Oil Change, L.L.C., but the correct entity is Take 5 Properties SPV, LLC.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Defendant will be requesting executed authorizations from Plaintiff to independently investigate medical records, employment records, tax records, and social security records of the Plaintiff based on the allegations of past and future medical expenses, mental anguish, loss of earning and earning capacity, disfigurement, and impairment.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff filed their certificate of interested parties on April 25, 2025. It is document number 4 in the Court's record.

Defendant filed their certificate of interested parties on April 25, 2025. It is document number 5 in the Court's record.

24. List the names, bar numbers, addresses and telephone numbers of all counsel

Counsel for Plaintiff:

RICHARD J. NAVA
State Bar No. 24083552
Fed. Bar No. 3124096
jnava@navalawgroup.com
ADAM J. FLOOD
State Bar No. 24081618
Fed. Bar No. 2070300
aflood@navalawgroup.com
Nava Law Group, P.C.
4909 Bissonnet St., Ste. 100
Bellaire, Texas 77401
(713) 661-9000 Telephone
(713) 666-5922 Facsimile
E-Service Email Only:
eserviceRJN@navalawgroup.com

Counsel for Defendant:

ELIZABETH "LISA" MASSEY
Attorney in Charge
State Bar No. 24039039
Fed. Bar No. 613924
lmassey@hartlinebarger.com
T. KELLY MCKEE
State Bar No. 24114615
Fed. Bar No. 3479408
kmckee@hartlinebarger.com
Hartline Barger, LLP
5151 San Felipe Street, Suite 400
Houston, TX  77056
(713) 759-1990 Telephone
(713) 652-2419 Facsimile

| | |
|---|---|
| */s/ Adam J. Flood* | *July 10, 2025* |
| Counsel for Plaintiff(s) | Date |
| | |
| */s/T. Kelly McKee* | July 10, 2025 |
| Counsel for Defendant(s) | Date |

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all known counsel of record pursuant to the Federal and Texas Rules of Civil Procedure on this 10th day of July, 2025.

                                                 /s/ T. Kelly McKee
                                                 T. Kelly McKee