**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DARRON PEACOCK<br>*Plaintiff*, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. 4:25-CV-01836 |
| | §<br>§ | |
| TAKE 5 PROPERTIES SPV LLC<br>*Defendant*, | §<br>§ | |

**DEFENDANT TAKE 5 PROPERTIES SPV LLC'S MOTION FOR FINAL SUMMARY**
**JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendant TAKE 5 PROPERTIES SPV LLC ("Take 5") files this Motion for Final

Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and would show the following:

### I. Background and Relief Sought

This is a premises liability case involving an alleged dangerous condition at Take 5's oil

change shop located in Houston, Harris County, Texas. However, Plaintiff Darron Peacock

("Plaintiff") improperly pled negligence, rather than premises liability, and claims he slipped on

"motor oil left on the ground" as he was getting out of his vehicle to use the restroom.[1] Take 5

moves for summary judgment on the following grounds:

- Plaintiff's claims are solely related to an allegedly dangerous condition and therefore Plaintiff's negligence claim is improper and should fail for that reason alone; but even if Plaintiff's negligence claim is considered valid (as opposed to a premises liability claim), he has no evidence to support any of the elements of such a claim, and therefore his negligence claim should be dismissed in its entirety; and

- Alternatively, if Plaintiff's claims are allowed to stand under a premises liability theory, Plaintiff has no evidence that a dangerous condition existed, or that Take 5 had actual or constructive knowledge of an unreasonably dangerous condition, or that the condition existed for a sufficient duration prior to Plaintiff's fall for Take 5 to have discovered it.

---

[1] *See* Plaintiff's First Amended Petition.

Based on the above grounds, Plaintiff's claims are conclusively unsound and should be dismissed on summary judgment. Take 5 seeks summary judgment on Plaintiff's claims in their entirety, whether based in premises liability or negligence, as there is no genuine issue of material fact.

## II. Procedural Background

On May 2, 2024, Plaintiff claims he was an invitee on Take 5's premises when he went to Take 5 for an oil change. Plaintiff further claims that after pulling his vehicle into the bay, he "got out of the car to use the restroom and slipped immediately on motor oil left on the ground."[2] On March 20, 2025, Plaintiff filed this lawsuit against Take 5 in Harris County District Court based on these allegations.[3] On April 3, 2025, Plaintiff filed his First Amended Petition.[4] On April 23, 2025, Take 5 properly removed this case to the Southern District of Texas—Houston Division.[5]

## III. Summary Judgment Standard

Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact either by: (1) submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim, or (2) showing there is no evidence to support an essential element of the plaintiff's claims. *Celotex*, 477 U.S. at 322–25. While the moving party cannot generically assert that the plaintiff has no evidence to support its case, "a movant may support a motion for summary judgment by pointing out that there is *no evidence* to support a *specific element* of the nonmovant's claim." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326,

---

[2] *See* Plaintiff's First Amended Petition.
[3] *See* Plaintiff's Original Petition.
[4] *See* Plaintiff's First Amended Petition.
[5] *See* Defendant's Notice of Removal.

335 n.10 (5th Cir. 2017) (emphasis added).

Moreover, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. When a party has not made any showing, "there can be 'no genuine issue as to any material fact,' since a *complete failure of proof* concerning an essential element of the nonmoving party's case necessarily renders *all* other facts immaterial." *Id.* at 323 (emphasis added). Thus, the movant is entitled to judgment as a matter of law against a party who bears the burden of proof and who cannot establish an essential element of his claim. *Id.* at 322–23.

In a diversity jurisdiction case, when evaluating the possibility of whether there is a genuine issue of material fact regarding the elements of a plaintiff's cause of action, district courts are to apply the substantive law of the forum state. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "And the court is 'bound to apply the law as interpreted by the state's highest court.'" *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). As such, the Court should apply Texas law and give deference to decisions of the Texas Supreme Court.

## IV. Argument and Authorities

### A. Plaintiff is limited to a premises liability claim against Take 5.

It is improper to bring both a negligence and premises liability cause of action. Given that Plaintiff's alleged injuries occurred as a result of an alleged condition on Take 5's premises, rather than an activity, premises liability principles apply and Plaintiff is limited to the more demanding

premises liability cause of action.

"Negligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises liability principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). The same act or omission will not give rise to both a premises liability and simple negligence claim: rather, it can form the basis for one or the other cause of action. *See E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48, 56-57 (Tex.App.—Houston [14th Dist.] 2014, pet. dism'd) ("When the alleged injury is caused by an unsafe or dangerous condition on the premises, the injured party is limited to a premises liability theory and must prove his status to establish the type of duty owed by the premises owner."); *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163 (Tex. App.—Dallas 2011, no pet.) ("When the alleged injury is the result of the condition of the premises, the injured party can recover only under a premises liability theory.").

A plaintiff cannot evade the fact that his claim is one for premises liability by artfully pleading a simple negligence claim. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 386 (Tex. 2016) ("Creative pleading does not change the nature of the claim."); *United Scaffolding*, 537 S.W.3d at 480 ("If a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence.") Thus, because premises liability contains elements different from and additional to a simple negligence claim, erroneous submission of a premises liability claim as a simple negligence claim cannot support recovery. *See United Scaffolding*, 537 S.W.3d at 480-81.

Indeed, Texas courts routinely hold that tripping or slipping hazards on the ground of the subject premises give rise to premises liability claims, not simple negligence claims. *Meener v. Lynd Company*, 2018 WL 718553 at *4 (February 6, 2018) (raised piece of laminate flooring was a condition and gave rise to premises liability claim); *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 817 (Tex. 2002) (slip and fall caused by spilled clear liquid on store floor gave rise to premises liability claim, not simple negligence claim); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (slip and fall caused by waxy substance on floor gave rise to premises liability claim, not simple negligence claim; *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (stating that "[t]o recover damages in a slip and fall case, a plaintiff must prove" the elements of a premises liability claim); *Kroger Co. v. Persley*, 261 S.W.3d 316, 318 (Tex.App.—Houston [1st Dist.] 2008, no pet.) (as a matter of law, slip and fall caused by water on floor did not give rise to simple negligence claim).

Here, Plaintiff cannot show that his alleged injuries were the result of any contemporaneous negligent activity by Take 5's employees. Plaintiff identifies himself as an "invitee" at Take 5's establishment and alleges there was a condition on the premises that caused him to slip and fall. By his own contentions, it is clear that Plaintiff intended to bring a premises liability claim as he is complaining of a defect on the premises, rather than affirmative and contemporaneous acts by Take 5 or its employees. Although Plaintiff attempts to plead a simple negligence claim by using the word "negligence" he does not make factual allegations of any contemporaneous negligent activity. Rather, his laundry list of purported failures all center around the condition of the premises.[6] Therefore, Plaintiff improperly pled a negligence cause of action which should be

---

[6] Plaintiff claims Take 5 was negligent in one or more of the following ways: failing to provide Plaintiff a *safe place* to shop; permitting a *dangerous condition* to exist on the premises for an unreasonable amount of time; failing to *inspect the premises* to ensure safety to others; failing to perform adequate, regular and/or timely *inspections of the premises*; failing to adequately *maintain the premises* in a reasonably safe condition; failing to adequately and timely

dismissed in its entirety.

**B. Even if Plaintiff's negligence cause of action is deemed proper, which Take 5 disputes, he has no evidence to support his allegations against Take 5.**

Under Texas law, "[t]he elements of a common law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). However, Plaintiff has no evidence to support his essential negligence elements.

Plaintiff has no evidence to establish that Take 5: (1) failed to maintain the floors; (2) failed to properly inspect the floors; (3) failed to warn of any known conditions; and (4) breached any duty owed to Plaintiff. Plaintiff cannot prove that Take 5 breached a duty owed to him and proximately caused his injuries. *Celotex*, 477 U.S. at 322–23. There is no genuine issue of material fact as Plaintiff has failed to offer any proof of at least one essential element of his claim. *Id.* As there has been a failure of proof concerning at least one essential element of Plaintiff's purported negligence cause of action, Rule 56(c) mandates the entry of summary judgment, and Take 5 is entitled to judgment as a matter of law. *Id.*

**C. Plaintiff has no evidence to support a premises liability claim against Take 5 as he cannot establish that a dangerous condition existed, or that Take 5 had actual or constructive knowledge of a dangerous condition.**

Under Texas law, to recover in a premises liability/slip and fall case, a plaintiff must show: " (1) actual or constructive knowledge of some condition on the premises by the owner; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise

---

remove or remedy the *dangerous condition*; failing to properly supervise and train its employees with regard to inspection and proper/timely existence and removal of *dangerous condition*; failing to follow Take 5's own policies with regard to inspection of the premises for *dangerous conditions*; failing to adequately warn Plaintiff of the *dangerous condition*; failing to adequately prevent the *dangerous condition*; permitting the unreasonably *dangerous condition* to exist when Take 5 knew or should have known of its existence; failing to provide barriers or warning signs so that people would not walk in the area where the alleged incident occurred; and failing to exercise reasonable care to reduce or eliminate the risk posed by the unreasonably *dangerous condition*. *See* Plaintiff's Amended Petition, Section V., titled "Negligence of Take 5" (emphasis added).

reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Slape v. Wal-Mart Stores Tex., LLC*, 656 S.W.3d 698, 700 (Tex. App.—El Paso 2022, no pet.)

In the present case, Plaintiff claims the dangerous condition was motor oil left on the bay floor. However, Plaintiff has no evidence to establish (1) the alleged condition existed in the first place; (2) how the alleged condition was created; (3) how long the alleged condition was allegedly present before Plaintiff's fall; (4) that Take 5 had actual notice of the condition; or (5) that Take 5 had a reasonable opportunity to discover the condition.

In particular, there is no evidence in the record to support the essential element that Take 5 had actual or constructive knowledge of the claimed condition on the premises at the time of Plaintiff's fall. To prove actual knowledge, Plaintiff is required to show that Take 5 knew a hazard existed, the alleged motor oil on floor, and failed to remedy it. *See Keetch v. The Kroger Co.*, 845 S.W.2d 262 (Tex. 1992). To prove constructive knowledge, Plaintiff must show that the condition existed long enough to allow the possessor of the premises time to discover it upon reasonable inspection. Plaintiff must adduce evidence to show how long the condition existed prior to the fall in order to meet his burden in response to summary judgment. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 813, 815-16 (Tex. 2002).

Plaintiff, who bears the burden of proof, has failed to make any showing to establish that Take 5 had actual or constructive notice of the alleged condition. There is no evidence to support or show that Take 5 had prior notice or constructive knowledge of the alleged condition. There is no evidence that Take 5's employees were told of the alleged condition prior to the incident. There is no evidence that the alleged condition was present long enough for Take 5's employees to discover it. The conclusory allegations in Plaintiff's Petition are not sufficient to support this claim

and Plaintiff's interrogatory answers do not allege or even remotely show how Take 5 had actual or constructive knowledge of the condition alleged (as Plaintiff objected, but did not answer the question). There is no genuine issue of material fact as Plaintiff has failed to offer any proof of at least one essential element of his claim. *Celotex*, 477 U.S. at 322–23. As there has been a failure of proof concerning at least one essential element of premises liability cause of action, Rule 56(c) mandates the entry of summary judgment, and Take 5 is entitled to judgment as a matter of law. *Id.*

## IV. Prayer

Defendant Take 5 Properties SPV LLC respectfully prays that the Court: (1) grant this Motion for Summary Judgment in its entirety; (2) dismiss with prejudice all claims against Take 5 Properties SPV LLC by Plaintiff Darron Peacock; and (3) grant Take 5 Properties SPV LLC all other proper relief.

Respectfully submitted,

ELIZABETH "LISA" MASSEY
State Bar No. 24039039
Federal Bar No. 613924
lmassey@hartlinebarger.com
Hartline Barger LLP
5151 San Felipe Street, Suite 400
Houston, Texas 77056
(713) 759-1990 – Telephone
(713) 652-2419 – Facsimile

ANGELICA RADOMSKI
State Bar No. 24150179
Federal Bar No. 3971561
aradomski@hartlinebarger.com
Hartline Barger LLP
8750 N. Central Expy., Suite 1600

Dallas , Texas 7523
(214) 346-3757 – Telephone
(214) 369-2118 – Facsimile

ATTORNEYS FOR DEFENDANT
TAKE 5 PROPERTIES SPV LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record in accordance with the applicable Federal Rules of Civil Procedure on this 22nd day of June 2026.

_____
ELIZABETH "LISA" MASSEY